**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey E. Akard,<br><br>    Petitioner,<br><br>vs.<br><br>J.T. Shartle,<br><br>    Respondent. | No. CV-17-271-TUC-DCB (LAB)<br><br>**REPORT AND RECOMMENDATION** |

On June 12, 2017, the petitioner, an inmate confined in the Federal Correctional Institution in Tucson, AZ, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. (Doc. 1) The petitioner claims the Bureau of Prisons has failed to recognize that new evidence exists that casts doubt on the trial court's calculation of his criminal history points. (Doc. 1, p. 4)

Pursuant to the Rules of Practice of this Court, this matter was referred to the Magistrate Judge for Report and Recommendation.

The petition should be dismissed. Akard's claim is not cognizable.

Background

The petitioner, Akard, pleaded guilty pursuant to a plea agreement in the U.S. District Court for the Northern District of Indiana to one count of receiving child pornography on July 28, 2008. (Doc. 12-2, p. 9) At sentencing, there was a discussion as to whether Akard's 2000

Georgia state court offense should result in one criminal history point or two. (Doc. 12-4, pp. 3-4); (Doc. 16, pp. 8-10) Akard argued that this offense was resolved under the Georgia First Offender Act, and while he served 83 days of pretrial detention, this was not a *sentence* within the meaning of the Guidelines. (Doc. 16, pp. 9-10) The sentencing court decided that the offense should result in two criminal history points. (Doc. 12-4, pp. 3-4); (Doc. 12-2, p. 10); (Doc. 16, pp. 8-10) It placed Akard in Criminal History Category III, calculated a guideline range of 151 to 188 months, and imposed a sentence of 170 months' imprisonment and five years' supervised release on July 30, 2008. (Doc. 12-4, pp. 3-4); (Doc. 12-2, p. 10); (Doc. 16, pp. 8-10) Akard has been attempting to relitigate this issue ever since.

On August 1, 2008, Akard filed notice of appeal. (Doc. 12-3, pp. 2-3) On January 27, 2009, the Seventh Circuit dismissed the appeal because Akard's plea waiver did not contain an exception for legal issues and there was no showing that the plea waiver was not knowing and voluntary. (Doc. 12-3, p. 5)

On February 13, 2009, Akard filed a Motion to Reconsider with the sentencing court. (Doc. 12-3, p. 11) The court dismissed the motion the same day explaining that his "appeal is presently before the Court of Appeals." *Id*. Moreover, the motion appeared to be a § 2255 petition and was not in the proper form. (Doc. 12-3, p. 12)

On July 27, 2009, Akard filed a petition pursuant to 28 U.S.C. § 2255. (Doc. 12-3, p. 14) The sentencing court denied the petition because "Akard's guilty plea was made knowingly and voluntarily," and "the waiver in the plea agreement bars the remaining grounds for Akard's claim." (Doc. 12-4, p. 6) Akard's appeal was dismissed as untimely on October 11, 2011. (Doc. 12-4, p. 31)

Akard petitioned for leave to file a second or successive § 2255 petition on February 9, 2016. (Doc. 12-4) He argued he had "newly discovered evidence" – an order from the Georgia Superior Court Judge clarifying his prior sentence. (Doc. 12-4, pp. 40, 50) The order explained that Akard was not "sentenced to a prison sentence." *Id*. His sentence dated June 29, 2000 was "credit for time served." *Id*. The Seventh Circuit denied the petition on February 19, 2016

because Akard was bringing the same claim that he raised in his first §2255 petition. (Doc. 12-5, p. 2)

On December 22, 2016, Akard filed a "motion pursuant to nunc pro tunc" with the sentencing court. (Doc. 12-5, pp. 4-12) He attached his Georgia Superior Court Order Clarifying Sentence and argued, again, that his Georgia prior should be assessed one criminal history point pursuant to USSG § 4A1.1(c), he should be in criminal history category II, and the court should sentence him within the guideline range of 135-168 months. (Doc. 12-5, pp. 11-12) The sentencing court interpreted the motion as a petition pursuant to § 2255 and dismissed it as successive without leave from the Seventh Circuit. (Doc. 12-5, pp. 19-22) The Seventh Circuit denied Akard's appeal on August 22, 2017. (Doc. 12-5, p. 27)

On June 12, 2017, Akard filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1) He claims the Bureau of Prisons has failed to recognize that new evidence exists that casts doubt on the trial court's calculation of his criminal history points. (Doc. 1, p. 4)

The respondent filed an answer on September 1, 2017. (Doc. 12) Akard filed a reply on September 25, 2016. (Doc. 17) The court finds that Akard's claim is not cognizable.

Discussion

A federal prisoner may file a petition pursuant to 28 U.S.C. § 2241 when challenging the "manner, location, or conditions of a sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). For example, a § 2241 petition may be used to challenge the loss of good time credits, parole decisions, or the denial of sentencing credits. *See, e.g., Bostic v. Carlson*, 884 F.2d 1267 (9th Cir. 1989) (*overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016)) (good time loss)*; Tyler v. United States*, 929 F.2d 451, 453 n.5 (9th Cir. 1991) (parole); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (sentencing credit). When filing such a petition, "the prisoner must name the warden of the penitentiary where he is confined as a respondent." *Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003). This requirement follows naturally because the warden has custody over the

- 3 -

petitioner and is primarily responsible for the execution of his sentence. A challenge to the petitioner's judgment or sentence ordinarily must be brought pursuant to 28 U.S.C. § 2255 in the court that imposed the sentence. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006); *see also* (Doc. 1, p. 8) ("Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.").

Here, Akard challenges the length of his sentence, not the "manner, location, or conditions" of that sentence's execution. More specifically, he challenges the criminal history determination that led to his guideline range that led to his ultimate sentence. This is a challenge to the judgment of conviction. It is not a challenge to the warden's execution of his sentence. Accordingly, it is not cognizable in a § 2241 petition. This court lacks jurisdiction. *See Ivy v. Pontesso*, 328 F.3d 1057, 1061 (9th Cir. 2003).

Akard maintains that he *is* challenging the warden's actions. He argues that the warden has a duty to ensure that his judgment and conviction is in accordance with applicable statutes, case law, and the U.S. Sentencing Guidelines. He argues specifically that the warden has an obligation to insure that the record of his prior convictions supports the sentencing court's criminal history calculation. He is incorrect.

The warden has a limited responsibility to ensure that the conviction is legitimate and that the prisoner's sentence is properly executed. The warden has no authority to second guess the sentencing court's guideline calculation. *See, e.g., Blackshear v. Lockett*, 411 F. App'x 906, 907 (7th Cir. 2011) (dismissing § 2241 petition where the petitioner argued that the probation officer misapplied the Guideline grouping rules, the BOP had a copy of the presentence report in its files, and the petitioner "wanted assurance that the information is not being viewed in the wrong context, as to cause a negative outcome when dealing with the inmate by the BOP") (punctuation modified); *Rodriguez-Mendiola v. Hall*, 2011 WL 13185977, at *1 (N.D. Tex. 2011), *aff'd*, 478 F. App'x 808 (5th Cir. 2012) (dismissing § 2241 petition where the petitioner argued that "the presentence report contained erroneous conclusions that led to a higher criminal history," Sentencing Guideline 709 should be applied retroactively to reduce his criminal

history, and the warden was required to justify his detention beyond the date he obtained when recalculating his original sentence); *Sykes v. Van Buren*, 2004 WL 3008597, at *1 (N.D. Tex. 2004) ("Sykes is not entitled to challenge, under § 2241, the alleged improper calculation and application of the sentencing guidelines by the United States District Court.").

Akard argues that the warden has a duty to act pursuant to BOP PS 5880.28 and 5800.15. He is incorrect. An agency policy statement "represents an agency position with respect to how it will treat—typically enforce—the governing legal norm." *Syncor Int'l Corp. v. Shalala*, 127 F.3d 90, 94 (D.C. Cir. 1997). "By issuing a policy statement, an agency simply lets the public know its current enforcement or adjudicatory approach." *Id*. "[P]olicy statements are binding on neither the public nor the agency." *Id*. (citations removed) The BOP's Program Statements do not give the warden an affirmative duty that is enforceable by a § 2241 petition. *See Id*; *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."). Assuming for the sake of argument that the BOP's Program Statements do have the force of law, the court notes that neither PS 5880.28 nor PS 5800.15 gives the warden a duty to second guess the sentencing court's guideline calculation.

Program Statement 5880.28, Sentence Computation Manual, discusses the warden's responsibilities with respect to the computation of the inmate's sentence. His duties are limited to calculating the beginning date of the sentence, credit for prior custody, good time credit, and other factors that properly execute the sentence of conviction imposed by the district court. PS 5880.28 This program statement does not give the warden an obligation to ensure that the inmate's sentencing documentation supports his judgment and commitment order.

Program Statement 5800.15, Correctional Systems Manual, gives instructions concerning the computation and tracking of the inmate's sentence information. This Program Statement instructs BOP staff to "carefully analyze the J&C [judgment and commitment order] to ensure it is in accordance with applicable statutes, case law, and the U.S. Sentencing Guidelines." PS5800.15; Ch 5, p. 2 This statement, however, does not require the warden to analyze the

- 5 -

propriety of the sentencing court's Guideline calculation. *Id.* It instructs BOP personnel to verify that the J&C is a "bonafide legal document that has been issued by the appropriate court." *Id.* In addition, BOP personnel are instructed to determine whether the J&C is entered in a way "contrary to the Bureau's statutory interpretation." *Id.* For example, the BOP must independently determine whether or not to award presentence credit regardless of whether such a determination has been made already by the sentencing court. *Id.* Nothing in this program statement gives the warden an obligation to ensure that the inmate's sentencing documentation supports his judgment and commitment order.

The respondent notes that a §2241 petition *can* be used to attack a judgment of conviction if certain specific conditions are present. This "escape hatch" applies only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). A petitioner has not had an unobstructed procedural shot if the legal basis for his claim did not exist until after he filed his § 2255 petition. *Harrison*, 519 F.3d at 960.

Akard states in his petition that he is not challenging his conviction or his sentence. (Doc. 1, p. 8) And this court takes him at his word. In the interest of completeness, the court has examined whether he could qualify for the "escape hatch" if he were trying to challenge his sentence. He cannot.

In his petition, Akard argues that his sentence is too long. He does not argue that he is innocent of the crime of conviction. Accordingly, he does not make a claim of actual innocence for the purposes of the "escape hatch." *See, e.g., Marrero v. Ives*, 682 F.3d 1190, 1195 (9th Cir. 2012) ("[T]he purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch.").

Akard argues that he has new evidence clarifying whether his Georgia prior should be assessed only one criminal history point pursuant to USSG § 4A1.1(c). (Doc. 17, p. 19) But he does not argue that the *law* interpreting this guideline has changed since he filed his first § 2255 petition. Accordingly, Akard cannot show that he has not had an unobstructed procedural shot at presenting his claim. Akard does not qualify for the § 2241 "escape hatch."

In his reply brief, Akard argues that the Supreme Court ruling in *Molina-Martinez*, 136 S.Ct. 1338 (2016), decided on April 20, 2016, changed the law and therefore he did not have an unobstructed procedural shot at presenting his claim earlier. (Doc. 17, p. 19) The court does not agree with Akard's assessment of this case.

In *Molina-Martinez*, the Court considered when an unnoticed error in the Sentencing Guideline calculation can be successfully raised for the first time on appeal. *Molina-Martinez*, 136 S.Ct. 1338 (2016). The Court held that this type of error can be raised on appeal even without presenting additional evidence that the error affected the defendant's substantial rights. *Id*. In the pending case, the criminal history issue was raised and argued at the sentencing hearing. It did not go unnoticed until the direct appeal. *Molina-Martinez* is inapposite.

Akard argues for the first time in his reply brief that the BOP has a duty to act pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or USSG § 1B1.13. Arguments raised for the first time in a reply brief are waived. *U.S. v. Romm*, 455 F.3d 990, 997 (9th Cir. 2005). In the interest of completeness, the court notes that these laws do not apply here.

Section 3582(c)(1)(A)(i) explains that

> the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C.A. § 3582. USSG § 1B1.13 expresses the same idea in almost identical language. These laws to do not apply here.

First, neither of these laws gives the BOP an affirmative duty to do anything. *Id*. And second, Akard does not present an "extraordinary and compelling reason" for a sentence reduction. *Id*.

These laws apply when the inmate has a terminal illness or debilitating medical condition or the inmate's spouse or his family member's only caregiver has become incapacitated. BOP PS 5050.49 Akard does not allege such a situation.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. (Doc. 1) Akard's claim is not cognizable. This court lacks jurisdiction. *See Ivy v. Pontesso*, 328 F.3d 1057, 1061 (9th Cir. 2003).

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. A response to an objection is permitted, but a reply to a response is not permitted absent the express permission of the District Court.

DATED this 31st day of October, 2017.



Leslie A. Bowman
United States Magistrate Judge